**JUDGE KARAS**                                07 CV 4788

UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
UNITHREE INVESTMENT CORP.                       EFC CASE

              Plaintiff,
                                                **NOTICE OF REMOVAL**
-against-                                       **OF A CIVIL ACTION**

SEIU, LOCAL 32BJ,                               07 CIV _____

             Defendant.
----------------------------------------------------------------X

        Defendant Service Employees International Union, Local 32BJ, by its attorneys, submits this petition for removal pursuant to 28 U.S.C. §§ 1441 and 1446.

        1.      Plaintiff UNITHREE INVESTMENT CORP. ("Unithree" or "Employer") commenced an action in the Supreme Court of the State of New York, County of New York, entitled *In the Matter of the Application of UNITHREE INVESTMENT CORP., Petitioner, against SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 32BJ, Respondent* bearing Index No. 106296/2007.

        2.      On or about May 10, 2007, plaintiff served an Order to Show Cause along with a Petition for Stay of Arbitration on Defendant Service Employee International Union, Local 32BJ ("Union" or "Local 32BJ"). A Copy of the Order to Show Cause is annexed as **Exhibit 1,** and of the Petition for Stay of Arbitration as **Exhibit 2**.

        3.      The Union is a labor organization within section 2(5) of the Labor Management Relations Act ("Act"), 29 U.S.C. § 152(5), in that it represents approximately 85,000 employees "in an industry affecting commerce" within the meaning of section 301(a) of the Act, 29 U.S.C. § 185(a). The Union's headquarters are at 101 Avenue of the Americas, New York, New York 10013.

4. The Union and Unithree are parties to the Apartment House Agreement 2003 ("Agreement"), which, at Article V, provides for arbitration of disputes arising under the Agreement. A copy of the Agreement is annexed to the plaintiff's Order to Show Cause as Exhibit B.

5. Article VIII, section 1 of the Agreement provides that it expires April 20, 2006; however, Article VI section 1(c) contains an evergreen clause pursuant to which the Agreement "continue[s] in full force and effect [after April 20, 2006] during an extended period until a successor agreement shall have been negotiated."

6. The parties are currently negotiating a successor agreement.

7. Article III, section 3 of the Agreement provides that the Employer may not discharge employees except for "justifiable cause."

8. On or about April 19, 2007, the Union notified the Employer of its intent to arbitrate the Employer's unjust discharge of Penoye Rainey on April 3, 2007, in violation of Article III, section 3 of the Agreement.

9. The Agreement is a "contract[] between an employer and a labor organization representing employees in an industry affecting commerce." 29 U.S.C. § 185(a).

10. Since resolution of the plaintiff's claims require interpretation of the Agreement, including Article VIII, section 1, Article VI section 1(c) and Article III, section 3, this action is a civil action over which this Court has jurisdiction, arising under section 301(a) of the Act, 29 U.S.C. § 185(a) which, in material part, provides:

> Suits for violation of contracts between an employer and an organization representing employees in an industry affecting commerce as defined in this Act . . . may be brought in any district court of the United States having

jurisdiction of the parties, without respect to the amount of controversy or without regard to citizenship of the parties.

11. Accordingly, this action may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

12. There have been no proceedings in the state court action, and defendant has not served an answer, made motions, or made any appearance or argument in that action.

13. This Notice of Removal is filed within 30 days after receipt by defendant of the papers annexed as Exhibit 1, and before any proceedings thereon were held in the state court action.

WHEREFORE, defendant respectfully requests that the state court action be removed from the New York State Supreme Court, County of New York to this Court.

Dated: New York, New York
       June 5, 2007

Respectfully submitted,
Office of the General Counsel

By: _____
    Judith I. Padow (JIP 1151)

Service Employees International Union, Local 32BJ
101 Avenue of the Americas, 19th Floor
New York, New York 10013
Telephone:  (212) 388-3854
Facsimile:  (212) 388-2062

Attorneys for Defendant Local 32BJ