**EXHIBIT 2**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

In the Matter of the Application of

UNITHREE INVESTMENT CORP.,

                                    Petitioner,

- against -

SERVICE EMPLOYEES INTERNATIONAL UNION,
LOCAL 32BJ,

                                    Respondent.

PETITION FOR STAY
OF ARBITRATION

Index No. 106296/2007

TO THE SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF NEW YORK:

      Petitioner Unithree Investment Corp. ("Petitioner" or the "Company"), by its attorneys, Nixon Peabody LLP, as and for its Petition, alleges as follows:

## INTRODUCTION

      1.    Petitioner commences this special proceeding under Articles 4 and 75 of the New York Civil Practice Law and Rules ("CPLR") to stay and enjoin all arbitration proceedings in and related to a notice of intention to arbitrate served upon Kimso Apartments LLC c/o Petitioner by Respondent Service Employees International Union, Local 32BJ ("Respondent" or the "Union") on or about April 19, 2007.

## THE PARTIES

      2.    Petitioner is a New York corporation which maintains offices at 240 Park Hill Avenue, Staten Island, New York 10304.

      3.    Upon information and belief, Respondent is a labor organization which represents building service workers in New York City and Staten Island, including building service workers

10552772.1

employed by the Company, and which has offices at 101 Avenue of the Americas, New York, New York 10013.

## VENUE

4. Venue is proper in this Court pursuant to CPLR § 7502(a) because Respondent resides and does business in New York County. *See* CPLR § 7502(a)(i).

## FACTS

5. On or about April 19, 2007, the Union served a notice of intention to arbitrate upon the Company dated April 19, 2007 (the "Notice"), which was received by the Company on or about April 19, 2007. A copy of the Notice is attached to the accompanying Affidavit of Samuel Gross ("Grosso Affidavit" or "Grosso Aff.") as Exhibit ("Ex.") A.

6. In the Notice, the Union demands arbitration concerning a claim that Penoye Rainey (the "Employee"), a "member" of the Union, was "unjustly terminated" from his employment at 240-60-80 Park Hill Avenue, Staten Island, New York (the "Building") "effective April 3, 2007." *See* Grosso Aff., Ex. A.

7. The Notice further states that the Union has demanded arbitration because the Company is a "signatory to a Collective Bargaining Agreement which designates the Office of the Contract Arbitrator as Arbitrator in the event of disputes." *See* Grosso Aff., Ex. A. The Notice does not, however, identify the specific collective bargaining agreement under which arbitration is sought, nor does it attach a copy of any such agreement.

8. The only agreement ever entered into by the Company and the Union concerning the Building is an "Apartment House Agreement 2003" dated May 20, 2005 (the "Agreement"). A copy of the Agreement is attached to the Grosso Affidavit as Exhibit B.

9. Although the Agreement contains an arbitration provision, it also provides that it

shall expire, by its terms, on April 20, 2006. See Grosso Aff. Ex. B, p. 4 ("This Agreement shall expire on April 20, 2006."). On April 20, 2006, the Agreement expired by its terms.

10. After the Agreement expired, the parties did seek to negotiate concerning the establishment of a new collective bargaining agreement for the Building. Although the parties have engaged in substantive negotiations concerning a new agreement, to date, the Company and the Union have not entered into any new agreement concerning the Building. Accordingly, after April 20, 2006, there was no agreement at all between the parties concerning the Building, and, in particular, no agreement to arbitrate concerning the Building. Grosso Aff. ¶ 7.

11. Notwithstanding the absence of an agreement to arbitrate after April 20, 2006, the Union now demands arbitration concerning the termination of the Employee from his employment at the Building on April 3, 2007, which occurred nearly a full year after the Agreement expired. See Grosso Affidavit, Ex. A.

12. In response to the Union's Notice, the Office of the Contract Arbitrator ("OCA") has scheduled an arbitration hearing for May 23, 2007. A copy of the OCA's Notice of Hearing is attached to the Grosso Affidavit as Exhibit D.

13. Because there was no agreement to arbitrate after April 20, 2006, and because the unjust termination claim as to which the Union has demanded arbitration arose after that time, and for the reasons set forth in the Grosso Affidavit and in Petitioner's accompanying Memorandum of Law, the Company respectfully requests that this Court grant a preliminary injunction and a permanent stay of arbitration over any arbitration proceeding concerning the termination of the Employee on April 3, 2007, including any arbitration demanded by the Union as set forth in the Notice.

14. No prior application for the relief requested herein has been made to this Court or

any other court.

**WHEREFORE**, Petitioner respectfully requests that the Court grant the instant Petition for a preliminary injunction and a permanent stay of arbitration in its entirety, and such other and further relief as the Court deems just and proper.

Dated: New York, New York
May 8, 2007

        NIXON PEABODY LLP

        By: _____
            Randy S. Gidseg, Esq.

        437 Madison Avenue
        New York, New York 10022
        (212) 940-3047 (Tel.)
        (866) 479-5045 (Fax)

        *Attorneys for Petitioner*
        *Unithree Investment Corp.*