UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

UNITHREE INVESTMENT CORP.,                          **ECF CASE**

            Plaintiff,

                                       **ANSWER**

   -against-

SEIU, LOCAL 32BJ,                                   07 CIV 4788 (KMK) (DFE)

            Defendant.
-------------------------------------------------------------------X

     Defendant Service Employees International Union, Local 32BJ ("Union" or "Local 32BJ"), by its attorneys, answers the plaintiff's Petition for Stay of Arbitration as follows:

     1.     Defendant admits the allegations in paragraph 1 with respect to the prior state court proceeding.

     2.     Defendant lacks information sufficient to admit or deny that the plaintiff is a New York corporation and admits the remaining allegations in paragraph 2.

     3.     Defendant admits the allegations in paragraph 3.

     4.     Defendant admits the allegations in paragraph 4 with respect to the prior state court proceeding.

     5.     Defendant admits the allegations in paragraph 5, except to deny that the Notice is Exhibit A and to assert that it is Exhibit 1.

     6.     Defendant admits the allegations in paragraph 6 and asserts that the Notice referred to therein speaks for itself.

     7.     Defendant denies the allegations in the first sentence of paragraph 7 to the extent it purports to allege what the "Notice" referred to therein states, admits that plaintiff is signatory

to a collective bargaining agreement with the Union, and admits the allegations in the second sentence of paragraph 7.

8.    Defendant admits the allegations in paragraph 8.

9.    Defendant admits that the Agreement contains an arbitration provision, and denies the remaining allegations in paragraph 9.

10.    Defendant admits that the parties are seeking to negotiate a new collective bargaining agreement and that the parties, to date, have not entered into a successor agreement, and denies the remaining allegations in paragraph 10.

11.    Defendant admits that it has demanded arbitration of the unjust discharge of an employee, and denies the remaining allegations in paragraph 11.

12.    Defendant admits the allegations in paragraph 12.

13.    Defendant admits that plaintiff requested that the state court grant injunctions staying arbitration, admits that the unjust discharge occurred on April 3, 2007 which is after April 20, 2006, and denies the remaining allegations in paragraph 13.

14.    Defendant admits the allegations in paragraph 14 upon information and belief.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

A valid agreement to arbitrate exists between the parties.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' refusal to arbitrate is without substantial justification, in bad faith, and for purposes of delay.

## CONTERCLAIM TO COMPEL ARBITRATION

Counterclaimant Service Employees International Union, Local 32BJ ("Union" or "Local 32J") for its counterclaim alleges as follows:

### INTRODUCTION

1.      This counterclaim seeks to enforce a collective bargaining agreement requiring arbitration of disputes.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over this counterclaim pursuant to section 301 of the Labor Management Relations Act ("Act"), 29 U.S.C. § 185, and 28 U.S.C. § 1331.

3.      Venue is proper in this District because the events giving rise to this counterclaim occurred in this District and the Union's headquarters is in this District..

### PARTIES

4.      Counterclaimant is a labor organization within the meaning of section 2(5) of the Act, 29 U.S.C. § 152(5), in that it represents over 85,000 property service workers, including those employed by Unithree Investment Corp. ("Unithree" or "Employer") at 240-60-80 Park Hill Avenue, Staten Island, New York ("Building").

5.      Counterdefendant Unithree is an employer engaged in interstate commerce within the meaning of section 2(2) of the Act, 29 U.S.C. § 152(2).

### CAUSE OF ACTION

6.      The terms and conditions of employment of the property service workers at the Building are set forth in the Apartment House Agreement 2003 ("Agreement"), a copy of which is annexed to the counterdefendant's Order to Show Cause as Exhibit B.

3

7.    The Agreement, at Article V, provides for arbitration of disputes arising under the Agreement.

8.    Article VIII, section 1 of the Agreement provides that it expires on April 20, 2006; however, Article VI section 1(c) contains an evergreen clause pursuant to which the Agreement "continue[s] in full force and effect [after April 20, 2006] during an extended period until a successor agreement shall have been negotiated."

9.    The parties are currently negotiating a successor agreement.

10.    Article III, section 3 provides that the Employer may not discharge employees except for "justifiable cause."

11.    The Agreement is a "contract[] between an employer and a labor organization representing employees in an industry affecting commerce." 29 U.S.C. § 185(a).

12.    Since resolution of the plaintiff's claims require interpretation of the Agreement, including Article VIII, section 1, Article VI, section 1(c) and Article III, section 3, this action is a civil action over which this Court has jurisdiction, arising under section 301(a) of the Act, 29 U.S.C. § 185(a), which in material part provides:

> Suits for violation of contracts between an employer and an organization representing employees in an industry affecting commerce as defined in this Act . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount of controversy or without regard to citizenship of the parties.

13.    Pursuant to Article V of the Agreement, on or about April 19, 2007 the Union demanded arbitration of the Employer's unjust discharge on April 3, 2007 of Penoye Rainey.

14.    Unithree has refused to arbitrate its violation of the Agreement, without legal justification. Instead, it instituted an action to stay the arbitration proceeding.

4

**WHEREFORE,** the Union requests the following relief:

1.     That an Order issue compelling Unithree to arbitrate the Union's grievance;

2.     That the Union recover its costs and attorneys' fees incurred herein; and

3.     Such other and further relief as is just and proper.

Dated: New York, New York
      June 7, 2007

                             Respectfully submitted,

                             OFFICE OF THE GENERAL COUNSEL

                             By: _____
                                   Judith I. Padow (JIP 1151)

                             Service Employees International Union, Local 32BJ
                             101 Avenue of the Americas, 19th floor
                             New York, New York 10013

                             Telephone:     (212) 388-3854
                             Facsimile:     (212) 388-2062

                             Attorneys for Defendant/Counterclaimant
                             Service Employees International Union,
                             Local 32BJ

G:\JPadow\actions\unithree\answer.doc