# NIXON PEABODY

437 Madison Avenue
New York, New York 10022-7001
(212) 940-3000
Fax: (212) 940-3111

Randy S. Gidseg
Direct Dial: (212) 940-3047
Direct Fax: (866) 479-5045
E-Mail: rgidseg@nixonpeabody.com

June 25, 2007

**Via ECF and Overnight Mail**

Hon. Kenneth M. Karas
United States District Judge
United States District Court Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

      **Re:**     **Unithree Investment Corp. v. SEIU, Local 32BJ, 07 CV 4788 (KMK)**

Dear Judge Karas:

      This firm represents Unithree Investment Corp. ("Unithree") in the above-referenced matter. We write in opposition to the June 20, 2007 letter of Judith Padow, counsel for SEIU, Local 32BJ (the "Union"), requesting an extension of time to respond to Unithree's Petition for Stay of Arbitration and for a pre-motion conference regarding the Union's proposed motion for summary judgment and/or judgment on the pleadings.[1]

**Procedural History**

      As an initial matter, we must correct the Union's mischaracterizations regarding the factual and procedural history of this matter. On or about April 19, 2007, the Union served Unithree with a notice of intention to arbitrate concerning a claim that Penoye Rainey, a member of the Union, was unjustly terminated from his employment, effective April 3, 2007 (the "Arbitration"). Thereafter, on May 9, 2007, in compliance with Rule 7503 of the New York Civil Practice Law and Rules, Unithree filed, in New York State Supreme Court, County of New York, a petition to preliminarily and permanently stay the arbitration on the grounds that there was no agreement to arbitrate (the "Petition"). The Petition was accompanied by a memorandum of law and a proposed order to show cause why the Union should not be preliminarily and permanently enjoined from pursuing the arbitration. As required by state court rules, Unithree provided the Union with advance notice that it would be seeking an order to show cause on May 9, 2007. Notwithstanding such advance notice, the Union failed to appear to oppose the order.

---

[1] Notably, contrary to Rule 1.A. of Your Honor's Individual Practices, the Union's letter was not "simultaneously delivered" to counsel for Unithree. Specifically, although the Union delivered its letter to the Court by hand delivery on June 20, 2007, the letter was sent to me via overnight mail. Accordingly, I did not receive it until the next day, June 21, 2007.

10631871.1

Hon. Kenneth M. Karas
June 25, 2007
Page 2

On May 10, 2007, the Honorable Martin Schoenfeld, J.S.C., granted Unithree's order to show cause (the "OTSC").[2] By its terms, the OTSC: (1) required the Union to submit its answer and any supporting affidavits no later than May 29, 2007, (2) set the return date and oral argument for the Petition on June 5, 2007, and (3) ordered the Arbitration stayed pending the hearing of the Petition. Contrary to the OTSC, the Union failed to put forth any opposition papers on or before May 29. The Union also failed to request an extension of time to respond on or before such date. Similarly, on the return date (June 5), the Union failed to appear in court (and, again, failed to request any extension of time on or before such date). Thus, the state court proceeded as scheduled and, in the absence of any opposition or argument from the Union, issued an order permanently staying the Arbitration (the "Stay Order"). The Stay Order was entered by the state court on June 7, 2007, and Unithree served a notice of entry on the Union on June 8, 2007.

Rather than respond to Unithree's Petition or appear in state court for argument on the Petition, the Union chose to file a notice of removal on the return date (June 5). Two days later, and more than a week after its opposition papers were due, and two days after the return date, the Union also filed an answer and counterclaim to Unithree's Petition, with no supporting affidavits or memorandum of law.[3] Two weeks later, the Union filed the instant request for an extension and for a pre-motion conference.

**Union's Request for an Extension of Time**

The Union's requests for an extension of time to respond to Unithree's Petition is untimely, unjustified and misguided and, therefore, should be denied.

The Union's request is entirely untimely. Prior to June 20, 2007, the Union never requested any extension of time, nor sought Unithree's consent to any such extension. Instead, without explanation, the Union waited until nearly a month after its opposition was due, more than two weeks after the return date, and nearly two weeks after the state court issued a final determination to request an extension. Thus, although the Union had multiple opportunities to request an extension, it chose not to do so until after the court proceeded to adjudicate the Petition and issue a default judgment against the Union. This conduct is totally unacceptable, and does not warrant an extension. Indeed, it is well understood that "one does not wait until the default has occurred before requesting an extension of time to avoid being in default." Cunningham v. Safeway Trails, Inc., No. 98 Civ. 3936, 1985 U.S. Dist. Lexis 18911, at *2 (S.D.N.Y. 1985) (internal quotations omitted) (denying request for an extension of time to respond to a motion for summary judgment). Accordingly, the Union's request for an extension of time is untimely and should be denied.

In addition to being untimely, the Union's request is also totally baseless. The Union's letter fails to provide any justification for granting an extension of time. Indeed, at no time has the Union proffered an explanation for why it could not have responded to the Petition in a timely manner (or why, at the very least, it could not have requested an extension of time in a timely manner). At best, the Union seems to argue that it should be granted an extension simply because it "proceeded as it previously has when removing such cases." This argument, however, is completely circular and cannot excuse the Union's conduct in this case, where it disregarded multiple court ordered deadlines. The Union should not be rewarded for its dilatory conduct and intentional disregard of state court rules and procedures. See ARA Services, Inc. v. Olympia

---

[2] Accordingly, although the Union describes the Judge's order as "ex parte," the Union had notice of Unithree's intention to seek a stay on May 9, 2007 and an opportunity to oppose it, but chose not to do so.

[3] Notably, notwithstanding the affidavit of service accompanying the answer, which states that a copy of the answer was sent to me via U.S. Mail, I have never received a copy of the answer.

10631871.1

Hon. Kenneth M. Karas
June 25, 2007
Page 3

Vending and Amusement Corp., No. 88 Civ. 0794, 1990 U.S. Dist. Lexis 3578, at *5 (S.D.N.Y. Apr. 4, 1990) ("A party's decision to ignore the dangers attendant to litigation cannot serve to excuse his default.")

The Union's request is also completely misguided. Contrary to the Union's suggestion, at this point, there is no pending motion for the Court to grant an extension of time to respond to. As the Second Circuit held in D.H. Blair & Co., Inc. v. Judit Gottdiener, 462 F.3d 95 (2d Cir. 2006), "removed proceedings arrive in federal court in the procedural posture they had in state court." Id. at 108. At the time the Union removed this case, the state court had already issued a final determination, granting Unithree's Petition and ordering a permanent stay of the Arbitration. Thus, when Unithree's Petition arrived in federal court, it arrived, not simply as a motion with a return date, but, rather, as a final default judgment against the Union.[4] As such, the facts in the present case are entirely different from those presented in D.H. Blair, wherein no final judgment had been rendered at the time or removal.

Accordingly, for all the foregoing reasons, the Union's request for an extension should be denied.

**Union's Request for a Pre-Motion Conference**

The Union also requests a pre-motion conference to address its desire to "cross-move" for summary judgment or, in the alternative, for judgment on the pleadings. This request, however, misinterprets the procedural posture of the case. Specifically, the Union again mistakenly assumes that there is a pending motion before the Court that it can "cross-move" against. As set forth above, this is incorrect. Even assuming Unithree's Petition were characterized as a motion, that motion has been decided against the Union, by default, and a final determination has been rendered enjoining the Arbitration. Therefore, any "cross-motion" would be untimely and inappropriate. Rather, the Union's only recourse at this point is, as it suggests in footnote 2 of its letter, to move to vacate the default. The Union, however, has failed to request permission, or a pre-motion conference, to address this issue.[5]

Respectfully submitted,

Randy S. Gidseg

cc:     Judith I. Padow, Esq. (via ECF)

---

[4] Although the Union argues, in footnote 2, that the Stay Order was not enforceable on June 5, 2007 because it had not yet been entered, this argument is contrary to recent case law. Specifically, the Southern District recently held that a state court order was effective as of the date it was signed (rather than perfected), even though the state court did not have jurisdiction when the judgment was entered, "because the 'judicial' function had been completed by the court" at the time the order was signed. See Ornstein v. Lyndon Baines Johnson Health Complex, Inc., 04-CV-4727, 2006 U.S. Dist. Lexis 22485, at *10 (S.D.N.Y. Mar. 27, 2006) (granting motion to remand on the grounds that any further action in federal court would likely be barred by collateral estoppel).

[5] In that regard, the Union's citation to Abram Landau Real Estate v. Bevona, 123 F.3d 169 (2d Cir. 1997) is inapposite. In that case, the Second Circuit was required to review the merits of the parties' arguments regarding the arbitrability of a dispute. Although this was the issue presented by Unithree's underlying Petition, that issue has already been decided and is no longer before the Court (nor the subject of any appeal). Rather, the only issue before the Court is the default judgment against the Union.

10631871.1