**NIXON PEABODY LLP**
Randy S. Gidseg (RG-9024)
437 Madison Avenue
New York, New York 10022
Telephone: (212) 940-3000

Attorneys for Defendant
Unithree Investment Corp.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

UNITHREE INVESTMENT CORP.,

                Plaintiff,

    v.

SEIU, LOCAL 32BJ,

                Defendant.

Civil Action No.
07-CV-4788 (KMK) (DFE)

**ANSWER WITH AFFIRMATIVE DEFENSES**
**OF DEFENDANT UNITHREE INVESTMENT CORP.**

N267028

## ANSWER WITH AFFIRMATIVE DEFENSES

Defendant Unithree Investment Corp. ("Defendant" or "Unithree"), by its attorneys Nixon Peabody LLP, hereby answers the Counterclaim to Compel Arbitration of SEIU, Local 32BJ ("Plaintiff") (the "Counterclaim") in accordance with the numbered paragraphs thereof as follows:

### INTRODUCTION

1. Unithree admits that Plaintiff purports to bring a counterclaim to enforce a collective bargaining agreement requiring arbitration of disputes.

### JURISDICTION AND VENUE

2. The allegations set forth in Paragraph 2 of the Counterclaim state a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, except to admit that Plaintiff purports to base jurisdiction over this action on Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and 28 U.S.C. § 1331, Unithree denies the allegations set forth in Paragraph 2 of the Counterclaim.

3. The allegations set forth in Paragraph 3 of the Counterclaim state a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, except to admit that Plaintiff purports to base venue in this District on events giving rise to this claim occurring in this District and the Plaintiff's headquarters being in this District, Unithree denies the allegations set forth in Paragraph 3 of the Counterclaim.

4. The allegations set forth in Paragraph 4 of the Counterclaim state a conclusion of law to which no responsive pleading is required. Except to admit that Plaintiff is a labor organization within the meaning of section 2(5) of the Labor Management Relations Act, 29 U.S.C. § 152(5), which represents property service workers employed by Unithree at 240-60-80

Park Hill Avenue, Staten Island, New York (the "Building"), Unithree denies knowledge or information sufficient to form a belief at to the truth or falsity of the allegations in Paragraph 4 of the Counterclaim that Plaintiff represents over 85,000 property service workers.

5. Unithree admits the allegations in Paragraph 5 of the Counterclaim.

### CAUSE OF ACTION

6. Unithree denies the allegations in Paragraph 6 of the Counterclaim.

7. Except to admit that Article V – Arbitration, of the Apartment House Agreement 2003, a copy of which is attached to Unithree's Order to Show Cause as Exhibit B (the "Agreement"), addresses the arbitration of certain disputes, Unithree denies the allegations in Paragraph 7 of the Counterclaim.

8. Except to admit that Article VIII – Terms of Agreement and Reopenings, section 1, of the Agreement provides that "this agreement shall expire April 20, 2006" and to admit that Article VI – Sale or Transfer of Building, section 1(c), of the Agreement provides that "this Agreement shall thereafter continue in full force and effect for an extended period until a successor agreement shall have been executed," Unithree denies the allegations in Paragraph 8 of the Counterclaim.

9. Except to admit that Plaintiff and Defendant are engaged in negotiations concerning a new agreement at the Building, Unithree denies the allegations in Paragraph 9 of the Counterclaim.

10. Except to admit that Article III – Management Rights, section 3, of the Agreement states that "Employees shall not be discharged by the Employer except for justifiable cause," Unithree denies the allegations in Paragraph 10 of the Counterclaim.

11. The allegations set forth in Paragraph 11 of the Counterclaim state a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, except to admit that the Agreement was a "contract[] between an employer and a labor organization representing employees in an industry affecting commerce," 29 U.S.C. § 185(a), Unithree denies the allegations in Paragraph 11 of the Counterclaim.

12. The allegations set forth in Paragraph 12 of the Counterclaim state a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, Unithree denies the allegations in Paragraph 12 of the Counterclaim.

13. Except to admit that, on or about April 19, 2007, Plaintiff sent Unithree a notice of intention to arbitrate concerning a claim that Penoye Rainey was "unjustly terminated" from his employment at the Building (the "Arbitration"), Unithree denies the allegations in Paragraph 13 of the Counterclaim.

14. The allegations set forth in Paragraph 14 of the Counterclaim state a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, except to admit that Unithree initiated an action in New York State Supreme Court to stay the Arbitration, Unithree denies the allegations in Paragraph 14 of the Counterclaim.

The paragraph immediately following Paragraph 14 of the Counterclaim states a prayer for relief to which no responsive pleading is required. To the extent a responsive pleading is required, Unithree denies that Plaintiff is entitled to any relief whatsoever.

### FIRST AFFIRMATIVE DEFENSE

The Counterclaim fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Unithree is not a party to a collective bargaining agreement with the Plaintiff, including the Apartment House Agreement 2003.

## THIRD AFFIRMATIVE DEFENSE

There is no valid agreement to arbitrate between the parties and, if there is, the dispute between the parties is not covered by an agreement to arbitrate between the parties.

## FOURTH AFFIRMATIVE DEFENSE

The court lacks jurisdiction over the subject matter of the Counterclaim.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to follow the condition precedents for arbitration.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by waiver, unclean hands, laches and/or accord and satisfaction.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by res judicata and/or estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the June 5, 2007 Order of Justice Nicholas Figueroa.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's Counterclaim was not properly served.

WHEREFORE, having fully answered Plaintiff's Counterclaim, Unithree respectfully requests dismissal of the Counterclaim, with prejudice, an award of costs, including reasonable

attorney's fees incurred in the defense of this action, as well as such other and further relief as the Court deems just and proper.

Dated: New York, New York
       July 2, 2007

NIXON PEABODY LLP

By:  s/ RANDY S. GIDSEG
    Randy S. Gidseg (RG-9024)
437 Madison Avenue
New York, New York 10022
Tel: (212) 940-3000
Fax: (212) 940-3111

Attorneys for Defendant
Unithree Investment Corp.