UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Unithree Investment,**<br><br>                    **Plaintiff,**<br><br>    -v-<br><br>**SEIU, Local 32BJ,**<br><br>                    **Defendants.** | Case No.07-cv-4788 (KMK)<br><br>ORDER SETTING<br>PRE- MOTION CONFERENCE |

KENNETH M. KARAS, District Judge:

The Court hereby ORDERS that the parties appear for a pre motion conference in this case. The conference shall be held on September 21, 2006 at 11:45am in the United States Courthouse for the Southern District of New York, Courtroom 21D- 500 Pearl Street, New York, New York.

The Defendant's time to answer the complaint will be extended to the time that the pre motion conference is held.

SO ORDERED.

Dated:   July 24, 2007
         New York, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE



SERVICE EMPLOYEES
INTERNATIONAL UNION
CLC

**MICHAEL P. FISHMAN**
President

**KEVIN J. DOYLE**
Executive Vice President

**HÉCTOR J. FIGUEROA**
Secretary-Treasurer

**KYLE BRAGG**
Vice President

**LENORE FRIEDLAENDER**
Vice President

**BRIAN LAMBERT**
Vice President

**VALERIE LONG**
Vice President

**KRYSTYNA ROSARIO**
Secretary

Online at:
www.seiu32bj.org

**Local 32BJ Headquarters:**
101 Avenue of the Americas
New York, NY 10013-1991
212.388.3800

**Office of the General Counsel**

**SEIU Local 32BJ**
101 Avenue of the Americas
19th Floor
New York, NY 10013-1906
Fax: 212.388.2062

Writer's Direct Dial: (212) 388-3854

June 20, 2007

**BY HAND DELIVERY**
Honorable Justice Kenneth M. Karas
United States District Court
Southern District of New York
500 Pearl Street, Room 920
New York, New York 10007

Re:   Unithree Investment v. SEIU, Local 32BJ, 07 CV 4788 (KMK)

Dear Honorable Judge Karas:

We represent defendant Service Employees International Union, Local 32BJ ("Union" or "Local 32BJ") in the referenced action. This case was initiated by plaintiff Unithree Investment Corp. ("Unithree" or "Employer") in New York State Supreme Court, and removed by defendant to this Court on June 5, 2007.

We write to request (i) an extension of time within which to respond to the plaintiff's Petition for Stay of Arbitration, pursuant to Your Honor's Rule 1.E., and (ii) to request a pre-motion conference pursuant to Rule 2.A., as defendant intends to move for summary judgment or, in the alternative, for judgment on the pleadings.

*Background*

Plaintiff and Local 32BJ are parties to a collective bargaining agreement that provides for arbitration of disputes between the Union and the Employer. A copy of the Agreement in annexed to the Affidavit of Randy Gidseg as Exhibit B.

Article VIII, section 1 of the Agreement provides that it expires on April 20, 2006; however, Article VI section 1(c) contains an evergreen clause pursuant to which the Agreement "continue[s] in full force and effect [after April 20, 2006] during an extended period until a successor agreement shall have been negotiated." The parties are currently negotiating a successor agreement. The Agreement permits the discharge of employees only for "justifiable cause." Article III, section 3.

After the Union notified Unithree of its intent to arbitrate the April 3, 2007 discharge of Penoye Rainey, plaintiff initiated an action by Order to Show Cause in the Supreme Court of the State of New York to stay the arbitration scheduled to take place on May 23, 2007. Along with the Order to Show Cause, plaintiff filed a Petition for Stay of Arbitration ("Petition") and a Memorandum of Law in Support of the Petition. In its

submissions, plaintiff argued that the dispute cannot be arbitrated because the Agreement allegedly expired on April 20, 2006.

On May 11, 2007, the state court issued an *ex parte* temporary restraining order staying the arbitration, and set a return date of June 5, 2007. Responsive papers were due on or before seven (7) days prior to June 5, 2007.

As this is an action arising under section 301(a) of the National Labor Relations Act, 29 U.S.C. § 185(a)[1], the Union, rather than proceed in state court, removed the action to this Court on June 5, 2007, and on that same date also filed a Notice of Notice of Removal with the state court on that same date which it also served on plaintiff by mail.

On June 5, 2007, the same date that the case was removed, the state court judge issued a decision and order permanently staying the arbitration. The decision was not entered until June 7, 2007, when it was filed with the New York County Clerk's office. On June 8, 2007, plaintiff's counsel served a Notice of Entry of Judgment on the Union. The Notice of Entry incorrectly states that the order was "entered on June 5, 1007." Prior to receipt of the Notice of Entry, on June 7, 2007, the Union electronically filed an answer with this Court to plaintiff's Petition and counterclaimed to compel arbitration.

### *Request for Extension of Time*

A state court proceeding that is removed to federal court arrives in federal court in the procedural posture it had in state court immediately prior to removal.[2] *Sun Forest Corp. v.* Shvili, 152 F.Supp. 2d 367, 387 (S.D.N.Y. 2001). In a recent decision, this Circuit held that a petition to confirm or vacate an arbitration award filed in state court is treated by the federal court to which it is removed as a motion for summary judgment. *D.H Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95 (2$^d$ Cir. 2006); *see also Associated Musicians of Greater New York, Local 802 v. Vanjo Productions*, 2007 U.S. Dist. LEXIS 15754 (S.D.N.Y. 2007) (since such petitions are accompanied by a record, motion should be treated as one for summary judgment). While no case specifically holds that *Blair* applies to a petition for a stay, we are assuming that it does.

---

1. Section 301(a) in material part provides: "Suits for violation of contracts between an employer and an organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount of controversy or without regard to citizenship of the parties."

[2] While plaintiff's Notice of Entry (copy enclosed) states that the state court decision was entered on June 5, 2007, the decision on its face establishes that it was not filed with the County Clerk until June 7, 2007, which is its date of entry. Under state law, "an order must be entered and notice of entry served before [the] order may be enforced." *Raes Pharmacy v. Perales*, 586 NYS 2d 579, 583 (1st Dept. 1992) (*citing* CPLR § 2220(a)); Siegel, NY Practice, 4th ed. § 250 at p. 425 ("an order is not enforceable until it has been entered, and perhaps not even until it has been served on the loser with notice of entry"). As this case was removed to federal court prior to the dates of entry and of service of the notice of entry, when the case reached federal court it did so without an enforceable default order. Should the Court determine that the order was enforceable, defendant intends to move to vacate the default.

In removing the case, defendant proceeded as it previously has when removing such cases – by filing an answer and counterclaim to compel arbitration – unaware that *Blair* required a different procedural approach. If *Blair* applies, the petition for a stay, when it arrived in federal court, arrived as a motion with a return date of June 5, 2007. As the Union has meritorious responses to plaintiff's motion that will defeat it, but has not yet responded, we are requesting an extension of time to do so. See *Blair*, 462 F.3d at 108 (suggesting that defendant, upon removal, seek an extension of time within which to respond).

There has been no previous request for an extension. Counsel for plaintiff has not agreed to the extension because, counsel states, he does not agree with the Union's assessment of the procedural posture of the case.

***Motion for Summary Judgment or Judgment on the Pleadings***

As stated, the Union wishes to cross-move for summary judgment or, in the alternative, for judgment on the pleadings. The Union has a meritorious defense that completely defeats the plaintiff's Petition and warrants entry of judgment for the Union. Indeed, the Second Circuit has already decided in the Union's favor the precise point to be litigated in this case. See *Abram Landau Real Estate v. Bevona*, 123 F.3d 69 (2$^d$ Cir. 1997).

In *Landau*, an employer filed a complaint with this Court to vacate an arbitration award after an arbitrator ruled that the very same evergreen clause at issue here extended the parties' collective bargaining agreement. The Southern District ruled that it was for the arbitrator, not a court, to determine whether the evergreen clause validly extended the agreement. In affirming the decision, the Second Circuit held that where, as here, a collective bargaining agreement contains a broad arbitration clause, it is for an arbitrator, not the court, to determine whether the agreement has terminated. As the Second Circuit explained:

> In determining whether an arbitrator or a court gets to interpret a termination clause or "evergreen clause," the dispositive question is whether the parties have agreed that an arbitrator should decide that question ...Where the agreement contains a sweeping arbitration clause covering all disputes involved the meaning of terms and provisions of the agreement and where the arbitration clause does not expressly exclude disputes over the termination provision or the "evergreen" clause, disputes over these matters should be submitted to arbitration.

*Id.* at 73-74 (citations omitted).

Here, the Agreement at Article V contains an even broader arbitration clause, requiring "[a]ny dispute or grievance between the Employer and the Union" to be



Honorable Judge Karas
Page 4

submitted to arbitration. Accordingly, the Union intends to move for summary judgment and for an order compelling Unithree to arbitrate its disputes with the Union.

                Respectfully submitted,

                Judith I. Padow (JIP 1151)
                Assistant General Counsel

Encl.

cc:    Randy Gidseg

# NIXON PEABODY
ATTORNEYS AT LAW

437 Madison Avenue
New York, New York 10022-7001
(212) 940-3000
Fax: (212) 940-3111

Randy S. Gidseg
Direct Dial: (212) 940-3047
Direct Fax: (866) 479-5045
E-Mail: rgidseg@nixonpeabody.com

June 25, 2007

**Via ECF and Overnight Mail**

Hon. Kenneth M. Karas
United States District Judge
United States District Court Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re: *Unithree Investment Corp. v. SEIU, Local 32BJ*, 07 CV 4788 (KMK)

Dear Judge Karas:

This firm represents Unithree Investment Corp. ("Unithree") in the above-referenced matter. We write in opposition to the June 20, 2007 letter of Judith Padow, counsel for SEIU, Local 32BJ (the "Union"), requesting an extension of time to respond to Unithree's Petition for Stay of Arbitration and for a pre-motion conference regarding the Union's proposed motion for summary judgment and/or judgment on the pleadings.[1]

**Procedural History**

As an initial matter, we must correct the Union's mischaracterizations regarding the factual and procedural history of this matter. On or about April 19, 2007, the Union served Unithree with a notice of intention to arbitrate concerning a claim that Penoye Rainey, a member of the Union, was unjustly terminated from his employment, effective April 3, 2007 (the "Arbitration"). Thereafter, on May 9, 2007, in compliance with Rule 7503 of the New York Civil Practice Law and Rules, Unithree filed, in New York State Supreme Court, County of New York, a petition to preliminarily and permanently stay the arbitration on the grounds that there was no agreement to arbitrate (the "Petition"). The Petition was accompanied by a memorandum of law and a proposed order to show cause why the Union should not be preliminarily and permanently enjoined from pursuing the arbitration. As required by state court rules, Unithree provided the Union with advance notice that it would be seeking an order to show cause on May 9, 2007. Notwithstanding such advance notice, the Union failed to appear to oppose the order.

---

[1] Notably, contrary to Rule 1.A. of Your Honor's Individual Practices, the Union's letter was not "simultaneously delivered" to counsel for Unithree. Specifically, although the Union delivered its letter to the Court by hand delivery on June 20, 2007, the letter was sent to me via overnight mail. Accordingly, I did not receive it until the next day, June 21, 2007.

10631871.1

Hon. Kenneth M. Karas
June 25, 2007
Page 2

On May 10, 2007, the Honorable Martin Schoenfeld, J.S.C., granted Unithree's order to show cause (the "OTSC").[2] By its terms, the OTSC: (1) required the Union to submit its answer and any supporting affidavits no later than May 29, 2007, (2) set the return date and oral argument for the Petition on June 5, 2007, and (3) ordered the Arbitration stayed pending the hearing of the Petition. Contrary to the OTSC, the Union failed to put forth any opposition papers on or before May 29. The Union also failed to request an extension of time to respond on or before such date. Similarly, on the return date (June 5), the Union failed to appear in court (and, again, failed to request any extension of time on or before such date). Thus, the state court proceeded as scheduled and, in the absence of any opposition or argument from the Union, issued an order permanently staying the Arbitration (the "Stay Order"). The Stay Order was entered by the state court on June 7, 2007, and Unithree served a notice of entry on the Union on June 8, 2007.

Rather than respond to Unithree's Petition or appear in state court for argument on the Petition, the Union chose to file a notice of removal on the return date (June 5). Two days later, and more than a week after its opposition papers were due, and two days after the return date, the Union also filed an answer and counterclaim to Unithree's Petition, with no supporting affidavits or memorandum of law.[3] Two weeks later, the Union filed the instant request for an extension and for a pre-motion conference.

**Union's Request for an Extension of Time**

The Union's requests for an extension of time to respond to Unithree's Petition is untimely, unjustified and misguided and, therefore, should be denied.

The Union's request is entirely untimely. Prior to June 20, 2007, the Union never requested any extension of time, nor sought Unithree's consent to any such extension. Instead, without explanation, the Union waited until nearly a month after its opposition was due, more than two weeks after the return date, and nearly two weeks after the state court issued a final determination to request an extension. Thus, although the Union had multiple opportunities to request an extension, it chose not to do so until after the court proceeded to adjudicate the Petition and issue a default judgment against the Union. This conduct is totally unacceptable, and does not warrant an extension. Indeed, it is well understood that "one does not wait until the default has occurred before requesting an extension of time to avoid being in default." Cunningham v. Safeway Trails, Inc., No. 98 Civ. 3936, 1985 U.S. Dist. Lexis 18911, at *2 (S.D.N.Y. 1985) (internal quotations omitted) (denying request for an extension of time to respond to a motion for summary judgment). Accordingly, the Union's request for an extension of time is untimely and should be denied.

In addition to being untimely, the Union's request is also totally baseless. The Union's letter fails to provide any justification for granting an extension of time. Indeed, at no time has the Union proffered an explanation for why it could not have responded to the Petition in a timely manner (or why, at the very least, it could not have requested an extension of time in a timely manner). At best, the Union seems to argue that it should be granted an extension simply because it "proceeded as it previously has when removing such cases." This argument, however, is completely circular and cannot excuse the Union's conduct in this case, where it disregarded multiple court ordered deadlines. The Union should not be rewarded for its dilatory conduct and intentional disregard of state court rules and procedures. See ARA Services, Inc. v. Olympia

---

[2] Accordingly, although the Union describes the Judge's order as "ex parte," the Union had notice of Unithree's intention to seek a stay on May 9, 2007 and an opportunity to oppose it, but chose not to do so.

[3] Notably, notwithstanding the affidavit of service accompanying the answer, which states that a copy of the answer was sent to me via U.S. Mail, I have never received a copy of the answer.

10631871.1

NIXON PEABODY LLP

Hon. Kenneth M. Karas
June 25, 2007
Page 3

Vending and Amusement Corp., No. 88 Civ. 0794, 1990 U.S. Dist. Lexis 3578, at *5 (S.D.N.Y. Apr. 4, 1990) ("A party's decision to ignore the dangers attendant to litigation cannot serve to excuse his default.")

The Union's request is also completely misguided. Contrary to the Union's suggestion, at this point, there is no pending motion for the Court to grant an extension of time to respond to. As the Second Circuit held in D.H. Blair & Co., Inc. v. Judit Gottdiener, 462 F.3d 95 (2d Cir. 2006), "removed proceedings arrive in federal court in the procedural posture they had in state court." Id. at 108. At the time the Union removed this case, the state court had already issued a final determination, granting Unithree's Petition and ordering a permanent stay of the Arbitration. Thus, when Unithree's Petition arrived in federal court, it arrived, not simply as a motion with a return date, but, rather, as a final default judgment against the Union.[4] As such, the facts in the present case are entirely different from those presented in D.H. Blair, wherein no final judgment had been rendered at the time or removal.

Accordingly, for all the foregoing reasons, the Union's request for an extension should be denied.

**Union's Request for a Pre-Motion Conference**

The Union also requests a pre-motion conference to address its desire to "cross-move" for summary judgment or, in the alternative, for judgment on the pleadings. This request, however, misinterprets the procedural posture of the case. Specifically, the Union again mistakenly assumes that there is a pending motion before the Court that it can "cross-move" against. As set forth above, this is incorrect. Even assuming Unithree's Petition were characterized as a motion, that motion has been decided against the Union, by default, and a final determination has been rendered enjoining the Arbitration. Therefore, any "cross-motion" would be untimely and inappropriate. Rather, the Union's only recourse at this point is, as it suggests in footnote 2 of its letter, to move to vacate the default. The Union, however, has failed to request permission, or a pre-motion conference, to address this issue.[5]

Respectfully submitted,

Randy S. Gidseg

cc:   Judith I. Padow, Esq. (via ECF)

---

[4] Although the Union argues, in footnote 2, that the Stay Order was not enforceable on June 5, 2007 because it had not yet been entered, this argument is contrary to recent case law. Specifically, the Southern District recently held that a state court order was effective as of the date it was signed (rather than perfected), even though the state court did not have jurisdiction when the judgment was entered, "because the 'judicial' function had been completed by the court" at the time the order was signed. See Ornstein v. Lyndon Baines Johnson Health Complex, Inc., 04-CV-4727, 2006 U.S. Dist. Lexis 22485, at *10 (S.D.N.Y. Mar. 27, 2006) (granting motion to remand on the grounds that any further action in federal court would likely be barred by collateral estoppel).

[5] In that regard, the Union's citation to Abram Landau Real Estate v. Bevona, 123 F.3d 169 (2d Cir. 1997) is inapposite. In that case, the Second Circuit was required to review the merits of the parties' arguments regarding the arbitrability of a dispute. Although this was the issue presented by Unithree's underlying Petition, that issue has already been decided and is no longer before the Court (nor the subject of any appeal). Rather, the only issue before the Court is the default judgment against the Union.

10631871.1

NIXON PEABODY LLP

**32BJ SEIU**
*Stronger Together*

SERVICE EMPLOYEES
INTERNATIONAL UNION
CLC

**MICHAEL P. FISHMAN**
President

**KEVIN J. DOYLE**
Executive Vice President

**HÉCTOR J. FIGUEROA**
Secretary-Treasurer

**KYLE BRAGG**
Vice President

**LENORE FRIEDLAENDER**
Vice President

**BRIAN LAMBERT**
Vice President

**VALERIE LONG**
Vice President

**KRYSTYNA ROSARIO**
Secretary

Online at:
www.seiu32bj.org

**Local 32BJ Headquarters:**
101 Avenue of the Americas
New York, NY 10013-1991
212.388.3800

Office of the General Counsel

**SEIU Local 32BJ**
101 Avenue of the Americas
19th Floor
New York, NY 10013-1906
Fax: 212.388.2062

Writer's Direct Dial:(212) 388-3854

June 28, 2007

**Via Hand Delivery**

Honorable Kenneth M. Karas
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street, Room 920
New York, New York 10007

Re:   Unithree Investment Corp. v. SEIU Local 32BJ
      07 CIV 4788 (KMK) (███)

Dear Honorable Kenneth Karas:

We represent defendant SEIU Local 32BJ ("Union") in the referenced action.

We write pursuant to Your Honor's Rule 2.A. to clarify that defendant wishes the pre-motion conference defendant has requested to include a motion for vacation of default, in the event this Court determines that an enforceable state court order existed before the case was removed was to federal court.[1]

It remains the Union's position, however, that there was no enforceable state order when the case was removed. In *Tarbell v. Jacobs*, 856 F.Supp.101, 103 (N.D.N.Y. 1994), the removal court refused to give effect to a state default judgment that had been signed by the judge but not entered by the date the case was removed, because the order "could have only become effective when entered by the clerk."[2] *Ornstein*, cited by plaintiff, is inapposite. It involved a fully litigated motion for summary judgment, not a default judgment. Noting the "glaring difference in the waste of court resources between a default judgment granted before an answer has been filed

---

[1] In its response to defendant's June 20th request for a pre-motion conference, plaintiff asserts that defendant has not made such a request, although we believe we did so on a contingent basis in footnote 2 of that submission.

[2] In *Tarbell*, the case was removed to federal court on the same day as the state court decision was issued. However, the filing of the notice of notice of removal, which strips the state court of jurisdiction, was not filed until one day later. *See Orenstein v. Lyndon Baines Johnson Health Complex, Inc.*, 2006 U.S. Dist. LEXIS 22485 (E.D.N.Y. 2006) at *8-9; *Tabrell* at 104. Here, by contrast, the notice of notice of removal was filed in state court on the same day as the decision was issued. Arguably, the state court lacked jurisdiction to even issue a default judgment on that day.

Honorable Kenneth M. Karas
June 28, 2007
Page 2

and a summary judgment decision after six years of litigation and discovery," the court held that the parties seeking vacation were collaterally estopped from relitigating in federal court issues that had already been decided in the state court proceeding. *Id.* at *11. The court explained, "Defendants have already defended themselves successfully against this suit and the only bar to recognizing the substantive judgment of [the state court judge] is that the docketing of her order potentially was untimely." *Id.* at *12. That decision was based on comity and judicial resource considerations not present in *Tarbell*, which the court distinguished, or here.

Finally, even if this Court were to decide that an enforceable state court order existed prior to removal, vacation would be appropriate. Under Federal Rules of Civil Procedure, Rule 60(b)(1), a judgment may be vacated for "excusable neglect." In *Pioneer Investment Services Co. v. Brunswick Associates,* 507 U.S. 380, 395 (1993), the Supreme Court held that the term "excusable neglect" is an "elastic concept," and that any determination of whether neglect is "excusable" is an equitable one that takes into account circumstances such as prejudice to the parties, the length of the delay, the impact on the proceedings, the reasons for the delay, and whether the movant acted in good faith. All of these factors militate in favor of vacation, particularly in the context of a default judgment where "[s]trong public policy favors resolving disputes on the merits." *American Alliance Insurance v. Eagle Insurance Co.,* 95 F.3d 57, 61 (2$^d$ Cir. 1996).

Respectfully submitted,

Judith I. Padow (JIP 1151)
Assistant General Counsel
SEIU, Local 32BJ

JIP:mb

cc:    Randy Gidseg, Esq. (via overnight mail)