UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
UNITHREE INVESTMENT CORP.

                Plaintiff,

   -against-                                         07 CIV 4788 (RJS)

SEIU, LOCAL 32BJ,

                Defendant.
-----------------------------------------------------------------X

## AFFIDAVIT OF JUDITH I. PADOW, ESQ.
## IN SUPPORT OF MOTIONS
## FOR SUMMARY JUDGMENT AND TO VACATE DEFAULT

Judith I. Padow, being duly sworn, deposes and says:

1. I am Assistant General Counsel at Service Employees International Union, Local 32BJ ("Local 32BJ" or "Union'), and am admitted to practice before this Court. I make this Affidavit in support of the motions of the Union for Summary Judgment and to vacate a default entered by the New York State Supreme Court.

1. I make the following statements based on my personal knowledge and a review of the business records maintained by Local 32BJ.

2. The Union and plaintiff Unithree Investment Corp. ("Unithree") are parties to a collective bargaining agreement (the "Agreement"), Article VIII, section 1 of which provides that the Agreement expires on April 20, 2006. A true copy of the Agreement is annexed hereto as **Exhibit A**.

3. Article VI, section 1(c) of the Agreement contains an "evergreen clause" which states: "Upon the expiration of this Agreement as set forth in Article VIII, Section I, this Agreement shall thereafter continue in full force and effect for an extended

period until a successor agreement shall have been executed. During the extended period, all terms and conditions thereof shall be in effect." *See* **Exhibit A**.

4. Since April 20, 2006, the parties have been negotiating a successor collective bargaining agreement.

7. The Agreement at Article V contains a broad arbitration clause that states: "Any dispute or grievance between the employer and the Union which cannot be settled directly by them shall be submitted to [arbitration]." *See* **Exhibit A**.

8. Article III, section 2 of the Agreement states that the employer may only discharge employees for "justifiable cause." *See* **Exhibit A**.

9. On or about April 3, 2007, the Employer discharged Penoye Rainey, a 20-year employee, claiming that his work performance failed to meet their minimum standard of acceptability.

10. Mr. Penoye grieved that the discharge violated the just cause provision of the Agreement, and the Union timely demanded arbitration of the discharge before the Office of the Contract Arbitrator, as provided for in the Agreement.

11. On or about May 1, 2007, the Employer was notified that the arbitration was scheduled for May 23, 2007.

12. Rather submit the dispute to arbitration, on or about May 10, 2007, Unithree petitioned the New York State Supreme Court to preliminarily and permanently stay the arbitration.

13. It initiated the action by Order to Show Cause, along with which it submitted a Petition for Stay of Arbitration ("Petition"), the Affidavits of its Vice-President and counsel, and a Memorandum of Law in Support of Petition. The Order to

Show Cause with supporting Affidavits, Petition, and Memorandum are attached hereto as **Exhibit B**, **Exhibit C** and **Exhibit D**, respectively.

14. In these submissions, Unithree argues that the Agreement had expired on April 20, 2006, and does not mention that the Agreement contains an evergreen clause.

15. On May 10, 2007, Unithree obtained a temporary restraining order from the *Ex Parte* Motion Term of the New York State Supreme Court enjoining the arbitration that was scheduled for May 23, 2007. *See* **Exhibit B**.

16. The Order to Show Cause set a return date and a date for serving responsive papers. The return date was June 5, 2007. *See* **Exhibit B**.

17. Rather than litigate in state court, the Union determined to remove the case to federal court. Before doing so, the Union sought to settle the underlying dispute, wishing to save the time and expense of removal if settlement were possible. The Union believed that settlement was possible, because Unithree's position that there was no collective bargaining agreement was legally untenable.

18. Settlement discussions were conducted not by the Union's in-house legal staff, which was handling the litigation, but by outside counsel, Ronald Goldman, Esq., who was negotiating the successor collective bargaining agreement with Unithree.

19. I did not learn until on or about June 4, 2007 that the case would not settle.

20. The Union removed the case to federal court the morning of June 5, 2007, and immediately upon removal filed a Notice of Notice of Removal with the New York State Supreme Court.

21.     The Union did not appear, submit responsive papers to Unithree's state court petition, or counterclaim in state court, as it did not intend to litigate the matter in state court or submit to that court's durisdiction.

22.     On June 5, 2007, the same date that the Union filed the Notice of Notice of Removal the State Court, the state court judge issued a decision permanently staying the arbitration. The decision contains no recitation of facts or any opinion. It merely states that Unithree's motion is "granted on default." A true copy of the Default Decision is attached as **Exhibit E**.

23.     The decision was not entered until June 7, 2007, when it was filed with the New York County Clerk's office.

24.     On June 7, 2007, the Union timely filed an answer with this Court to plaintiff's Petition, and counterclaimed to compel arbitration. Plaintiff answered the Union's counterclaim.

25.     On June 8, 2007, plaintiff's counsel served a Notice of Entry of Judgment on the Union. The Notice of Entry incorrectly states that the default order was "entered on June 5, 1007." A true copy of the Notice of Entry is attached as **Exhibit F**.

26.     Immediately thereafter, I contacted plaintiff's counsel, advising that the default was not effective, and then wrote to the Court seeking permission to file the instant motions.

27.     On or about July 2, 2007, plaintiff filed an answer to the Union's counterclaim to compel arbitration.

_____
Judith I. Padow

Sworn to me this 11th day
of October 2007

_____
Notary Public

KATHERINE DUNN
Notary Public, State of New York
No. 02DU6172629
Qualified in New York County
Commission Expires August 13, 20 11

5