**EXHIBIT D**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

In the Matter of the Application of

UNITHREE INVESTMENT CORP.,

                                               Petitioner,

- against -

SERVICE EMPLOYEES INTERNATIONAL UNION,
LOCAL 32BJ,

                                               Respondent.

Index No. 106296/2007

### PETITIONER'S MEMORANDUM OF LAW IN SUPPORT
### OF PETITION FOR STAY OF ARBITRATION

**NIXON PEABODY LLP**
Randy S. Gidseg, Esq.

437 Madison Avenue
New York, New York 10022
(212) 930-3047 (tel)
(866) 479-5045 (fax)

*Attorneys for Petitioner*

10553235.1

## Table of Contents

PRELIMINARY STATEMENT ..................................................................................................... 1

STATEMENT OF FACTS ............................................................................................................. 1

ARGUMENT .................................................................................................................................. 3

POINT I
THE COMPANY IS ENTITLED TO A PRELIMINARY INJUNCTION ................................... 3
    A.   Unithree Is Likely to Succeed on the Merits. ............................................................ 4
    B.   Unithree Will Be Irreparably Harmed If Arbitration of the Claim Proceeds. ........... 6
    C.   The Balance of Equities Favors Unithree. ............................................................... 7

POINT II
UNITHREE IS ENTITLED TO A PERMANET STAY OF ARBITRATION ............................. 7

CONCLUSION ............................................................................................................................... 9

# TABLE OF AUTHORITIES

## CASES

Aetna Ins. Co. v. Capasso, 75 N.Y.2d 860 (1990) ..... 3

American Centennial Ins. Co. v. Williams, 233 A.D.2d 320 (2d Dep't 1996) ..... 4, 8

AT&T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643 (1986) ..... 8

Burmax Co. v. B&S Indus., Inc., 135 A.D.2d 599 (2d Dep't 1987) ..... 7

Flannery Parking System, 1996 U.S. Dist. LEXIS 10005 ..... 8

Flannery Parking System, Inc. v. Local 917, 95 Civ. 9522, 1996 U.S. Dist. LEXIS 10005 (S.D.N.Y. Jul. 18, 1996) ..... 5, 8-9

Gambar Enters., Inc. v. Kelly Servs., Inc., 69 A.D.2d 297 (4th Dep't 1979) ..... 3

In the Matter of County of Rockland and Primiano Constr. Co., 51 N.Y.2d 1 (1980) ..... 8

In the Matter of Waldron and Goddess, 61 N.Y.2d 181 (1984) ..... 4, 8

Litton Financial Printing v. NLRB, 501 U.S. 190 (1991) ..... 5, 8

Maryland Casualty Co. v. Realty Advisory Board on Labor Relations, 107 F.3d 979 (2d Cir. 1997) ..... 4, 7

McLaughlin, Pivin, Vogel, Inc. v. W.J. Nolan & Co., Inc., 114 A.D.2d 165 (2d Dep't 1986) ..... 6

Merrill Lynch Invest. Managers v. Optibase Ltd., 337 F.3d 125 (2d Cir. 2003) ..... 3-4, 6

TMP Worldwide Inc. v. Franzino, 269 A.D.2d 332 (1st Dep't 2000) ..... 3, 4, 6

W.T. Grant Co. v. Srogi, 52 N.Y.2d 496 (1981) ..... 3

Walsh v. Design Concepts, Ltd., 221 A.D.2d 454 (2d Dep't 1995) ..... 6

Williamsbridge Manor Nursing Home v. Local 144 Division of 1199, 107 F. Supp. 2d 222 (S.D.N.Y. 2000) ..... 5, 8

## STATUTES

CPLR § 6301 ..... 3

CPLR § 7503(b) ..... 4, 7

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted by Petitioner Unithree Investment Corp. ("Petitioner" or the "Company") in support of its Petition pursuant to Section 7503 of the New York Civil Practice Law and Rules ("CPLR"), seeking a preliminary injunction and permanent stay of all proceedings instituted against it pursuant to a notice of arbitration which was served upon it by Respondent Service Employees International Union, Local 32BJ (the "Respondent" or the "Union") demanding arbitration of its claim that Penoye Rainey (the "Employee") was unjustly terminated from his employment at 240-60-80 Park Hill Avenue, Staten Island, New York (the "Building") effective April 3, 2007.

As set forth in the Company's accompanying Petition and the Affidavit of Samuel Grosso ("Grosso Affidavit" or "Grosso Aff."), and the exhibits annexed thereto, there was no collective bargaining agreement between the parties concerning the Building after April 20, 2006, and, thus, no agreement between the parties to arbitrate any claims concerning the Building which arose after that date. Thus, the Company respectfully requests that this Court grant a preliminary injunction and permanent stay of all arbitration proceedings initiated by the Union relating to any claim that the Employee was unjustly terminated from his employment at the Building effective April 3, 2007.

## STATEMENT OF FACTS

On or about April 19, 2007, the Union served a notice of intention to arbitrate upon the Company dated April 19, 2007 (the "Notice"), which was received by the Company on or about April 19, 2007. See Grosso Aff., ¶ 2, Exhibit ("Ex.") A. In the Notice, the Union demands arbitration concerning a claim that the Employee, a "member" of the Union, was "unjustly terminated" from the Building "effective April 3, 2007." Grosso Aff., ¶ 3, Ex. A. The Notice further states that the Union has demanded arbitration because the Company is a "signatory to a

Collective Bargaining Agreement which designates the Office of the Contract Arbitrator as Arbitrator in the event of disputes." Grosso Aff., ¶ 3, Ex. A. The Notice does not, however, identify the specific collective bargaining agreement under which arbitration is sought, nor does it attach a copy of any such agreement. Grosso Aff., ¶ 4, Ex. A.

The only agreement ever entered into by the Company and the Union concerning the Building is an "Apartment House Agreement 2003" dated May 20, 2005 (the "2003 AHA"). Grosso Aff., ¶ 5, Ex. B. Although the 2003 AHA contains an arbitration provision, it also provides that it shall expire, by its terms, on April 20, 2006. Grosso Aff., ¶ 6, Ex. B, p. 4 ("This Agreement shall expire on April 20, 2006."). Accordingly, on April 20, 2006, the 2003 AHA expired. Grosso Aff., ¶ 6.

After the 2003 AHA expired, the parties did seek to negotiate concerning the establishment of a new collective bargaining agreement for the Building. Grosso Aff., ¶ 7, Ex. C. Although the parties have engaged in substantive negotiations concerning a new agreement, to date, the Company and the Union have not entered into any new agreement concerning the Building. Grosso Aff., ¶ 7. Accordingly, after April 20, 2006, there was no agreement at all between the parties concerning the Building, and, in particular, no agreement to arbitrate concerning the Building. Grosso Aff., ¶ 7. Notwithstanding the absence of an agreement to arbitrate after April 20, 2006, the Union now demands arbitration concerning the termination of the Employee from his employment at the Building on April 3, 2007, which occurred *nearly a full year* after the Agreement expired. See Grosso Aff., ¶ 8, Ex. A. Moreover, in response to the Union's Notice, the Office of the Contract Arbitrator has scheduled an arbitration hearing for May 23, 2007. Grosso Aff., ¶ 9, Ex. D.

Because there was no collective bargaining agreement between the parties concerning the

Building and, in particular, no agreement to arbitrate any claims concerning the Building, after April 20, 2006, the arbitration demanded by the Union in its Notice concerning the Employee's termination on April 3, 2007 must be preliminarily and permanently stayed.

## ARGUMENT

### POINT I

### THE COMPANY IS ENTITLED TO A PRELIMINARY INJUNCTION

A preliminary injunction shall be granted pursuant to CPLR Section 6301 where the movant can show that: (1) it will likely succeed on the merits of its claim; (2) it risks irreparable harm if the preliminary injunction is not granted; and (3) a balance of the equities favors issuing the preliminary injunction. See Aetna Ins. Co. v. Capasso, 75 N.Y.2d 860, 862 (1990); W.T. Grant Co. v. Srogi, 52 N.Y.2d 496, 517 (1981) (citations omitted); see also CPLR § 6301. The purpose of a preliminary injunction is "to preserve the *status quo* until a decision is reached on the merits." Gambar Enters., Inc. v. Kelly Servs., Inc., 69 A.D.2d 297, 306 (4th Dep't 1979). As more fully set forth below, the Company has more the satisfied the standard for obtaining preliminary injunctive relief.

First, the Company is likely to succeed on the merits because there is no agreement between the parties to arbitrate claims at the Building after April 20, 2006 and, therefore, no agreement to arbitrate concerning the Employee's termination on April 20, 2007, nearly a year later.

In addition, the Company risks irreparable harm if it is forced to arbitrate the Union's claim for allegedly unjust termination for any period after April 20, 2006, because, after that time, it had not agreed "to surrender the right to resort to the courts." TMP Worldwide Inc. v. Franzino, 269 A.D.2d 332 (1st Dep't 2000). The Company will also suffer irreparable harm "by being forced to expend time and resources arbitrating an issue that is not arbitrable ...." Merrill

- 3 -

Lynch Invest. Managers v. Optibase Ltd., 337 F.3d 125, 129 (2d Cir. 2003) (quoting Maryland Casualty Co. v. Realty Advisory Board on Labor Relations, 107 F.3d 979 (2d Cir. 1997)).

Finally, the equities in this case clearly favor the Company, as the Union has no right to arbitrate any claims concerning the Building that arose after April 20, 2006, when the 2003 AHA expired and the Company ceased being a party or signatory to an agreement to arbitrate.

### A.   *Unithree Is Likely to Succeed on the Merits.*

Under New York law, it is well settled that, in the absence of an agreement between the parties, there can be no basis for the submission of any controversy to arbitration:

> [A] party will not be compelled to arbitrate and, thereby, to surrender the right to resort to the courts, absent evidence which affirmatively establishes that the parties expressly agreed to arbitrate their disputes.

In the Matter of Waldron and Goddess, 61 N.Y.2d 181, 183-84 (1984); TMP Worldwide Inc., 703 N.Y.S2d at 184 ("It is well settled that a party will not be compelled to arbitrate and, thereby, to surrender the right to resort to the courts, absent a clear, explicit and unequivocal agreement to arbitrate."); American Centennial Ins. Co. v. Williams, 233 A.D.2d 320 (2d Dep't 1996) ("It is well settled that a party cannot be compelled to submit to arbitration unless the agreement to arbitrate expressly and unequivocally encompasses the subject matter of the particular dispute."); see CPLR § 7503(b) (stating that a party "may apply to stay arbitration on the ground that a valid agreement was not made").

Here, the Union seeks to arbitrate a claim that the Employee was unjustly terminated from his employment at the Building on April 3, 2007. However, as explained above, at the time of the termination, there was, in fact, no agreement between the parties to arbitrate any claims concerning the Building. Indeed, the only agreement upon which the Union could possibly base its demand for arbitration is the 2003 AHA, which expired, by its terms, on April 20, 2006 –

*nearly a full year before the Employee's termination.* See Grosso Aff., ¶¶ 5-6, Ex. B. The Supreme Court has held that "after the expiration of a collective bargaining agreement, the contractual obligations of the parties, *including the duty to arbitrate*, cease to exist." Williamsbridge Manor Nursing Home v. Local 144 Division of 1199, 107 F. Supp. 2d 222, 225 (S.D.N.Y. 2000) (emphasis added) (citing Litton Financial Printing v. NLRB, 501 U.S. 190, 206 (1991)). Thus, as a matter of law, this expired 2003 AHA cannot provide a basis for arbitrating the Employee's termination, which occurred nearly a full year after the agreement expired. See Williamsbridge Manor, 107 F. Supp. 2d at 225 (granting motion to permanently enjoin arbitration; holding that a dispute concerning an employee's suspension did not arise under a collective bargaining agreement where such suspension occurred a year after the agreement expired); Flannery Parking System, Inc. v. Local 917, 95 Civ. 9522, 1996 U.S. Dist. Lexis 10005, at *13 (S.D.N.Y. Jul. 18, 1996) (granting application to stay arbitration; holding that the employer was not obligated to arbitrate a dispute concerning an employee's termination, where such termination occurred two and a half months after the expiration of the parties' collective bargaining agreement).[1]

Accordingly, because the Company did not agree to, and was not bound by any agreement to, arbitrate claims at the Building after April 20, 2006, there is no basis to compel the Company to arbitrate the Employee's termination which occurred nearly a full year later. Thus,

---

[1] Although the Supreme Court has held that post-expiration grievances may be arbitrable if they "arise under the expired collective bargaining agreement," Litton, 501 U.S. at 205-206, such circumstances are not present here, where the grievance involves an employee termination which occurred nearly a full year after the contract expired. See Williamsbridge Manor, 107 F. Supp. 2d at 225 (granting motion to permanently enjoin arbitration; holding that a dispute concerning an employee's suspension did not arise under a collective bargaining agreement where such suspension occurred a year after the agreement expired).

the Company is likely to succeed on the merits and, therefore, its request for a preliminary injunction staying the pending arbitration proceedings should be granted.[2]

### B.  *Unithree Will Be Irreparably Harmed If Arbitration of the Claim Proceeds.*

In New York, irreparable injury means "any injury for which money damages are insufficient." Walsh v. Design Concepts, Ltd., 221 A.D.2d 454, 455 (2d Dep't 1995) (quoting McLaughlin, Pivin, Vogel, Inc. v. W.J. Nolan & Co., Inc., 114 A.D.2d 165, 174 (2d Dep't 1986)). If the arbitration demanded by the Union proceeds before this Court decides whether there was, in fact, a valid agreement to arbitrate, the Company will suffer an injury that is not compensable by money damages. Specifically, although the Company never agreed to give up its right to judicial determination of disputes arising from events at the Building after April 20, 2006, the Company will be forced "to surrender the right to resort to the courts," unless the arbitration demanded by the Union is preliminarily enjoined. TMP Worldwide, 269 A.D.2d at 332.

Additionally, the Company will be forced to spend time and resources arbitrating claims that are simply not arbitrable. Indeed, absent relief from this Court, the Company will be forced to prepare for and attend an arbitration hearing on May 23, 2007. These anticipated expenditures of time and money clearly constitute irreparable harm. See Merrill Lynch Inves. Managers, 337 F.3d at 129 (affirming grant of preliminary injunction; holding that the movant would suffer irreparable harm absent a preliminary injunction because, otherwise, the movant would be "forced to expend time and resources arbitrating an issue that is not arbitrable, and for which any

---

[2] "As to the likelihood of success on the merits, a prima facie showing of a right to relief is sufficient; actual proof of the case should be left to further court proceedings, or ... arbitration." McLaughlin, Pivin, Vogel, Inc. v. W.J. Nolan & Co., Inc., 114 A.D.2d 165, 174 (2d Dep't 1986) (citation omitted).

- 6 -

award would not be enforceable") (quotations and citation omitted); Maryland Casualty Co., 107 F.3d at 985 (same).

### C. *The Balance of Equities Favors Unithree.*

In determining whether the balance of equities favors issuance of a preliminary injunction, the Court should consider whether "the irreparable injury to be sustained by the [petitioner] is more burdensome to it than the harm caused to [respondent] through imposition of the injunction." Burmax Co. v. B&S Indus., Inc., 135 A.D.2d 599, 601 (2d Dep't 1987) (internal quotations and citation omitted). Here, the equities weigh decidedly in favor of issuing a preliminary injunction.

As discussed above, the Company would suffer irreparable harm if the Union were allowed to pursue arbitration of claims at the Building which arose after the 2003 AHA expired on April 20, 2006, thereby depriving the Company of its right to have those issues decided in court. This is a substantial and irreparable injury to the Company. The Union, in contrast, will suffer no significant harm from the issuance of the injunction because it can pursue any claim it may have against the Company in court. The equities, therefore, favor a grant of the requested injunctive relief on behalf of the Company.

### POINT II

### UNITHREE IS ENTITLED TO A PERMANENT STAY OF ARBITRATION

CPLR Section 7503 states that a party "may apply to stay arbitration on the ground that a valid agreement was not made ...." CPLR § 7503(b). Indeed, the New York Court of Appeals has held that:

> The parties are entitled first to a judicial determination whether there was a valid agreement to arbitrate. If the court determines that the parties had not made an agreement to arbitrate, that

> concludes the matter and a stay of arbitration will be granted or the application to compel arbitration will be denied.

In the Matter of County of Rockland and Primiano Constr. Co., 51 N.Y.2d 1, 7 (1980) (emphasis added); see also Williamsbridge Manor Nursing Home, 107 F. Supp. 2d at 225 ("whether a collective bargaining agreement creates a duty for the parties to arbitrate a particular grievance is undeniably an issue for judicial determination") (quoting AT&T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 649 (1986)). The burden of proving the existence of a valid agreement to arbitrate is on the party seeking arbitration – in this case, the Union. See American Centennial Ins. Co., 233 A.D.2d at 320.

As set forth above, it is well settled that in an absence of a clear, explicit and unequivocal agreement between the parties to arbitrate, there can be no basis for the submission of any controversy to arbitration. See, e.g., In the Matter of Waldron, 61 N.Y.2d at 183-84. Moreover, the Supreme Court has held that "after the expiration of a collective bargaining agreement, the contractual obligations of the parties, *including the duty to arbitrate*, cease to exist." Williamsbridge Manor, 107 F. Supp. 2d at 225 (emphasis added) (citing Litton, 501 U.S. at 206).

Here, the Union seeks to arbitrate a claim that the Employee was unjustly terminated from his employment at the Building on April 3, 2007. However, as explained above, at the time of the termination, there was no agreement between the parties to arbitrate any claims concerning the Building. The 2003 AHA, which expired by its terms on April 20, 2006, cannot, as a matter of law, provide a basis for arbitrating the Employee's termination, which arose nearly a full year later. See Williamsbridge Manor, 107 F. Supp. 2d at 225 (granting motion to permanently enjoin arbitration; holding that a dispute concerning an employee's suspension did not arise under a collective bargaining agreement where such suspension occurred a year after the agreement expired) (citing Litton, 501 U.S. at 206); Flannery Parking System, 1996 U.S. Dist. Lexis 10005,

at *13 (granting application to stay arbitration; holding that the employer was not obligated to arbitrate a dispute concerning an employee's termination, where such termination occurred two and a half months after the expiration of the parties' collective bargaining agreement).

Accordingly, because the Company did not agree to, and was not bound by any agreement to, arbitrate claims at the Building after the AHA expired on April 20, 2006, there is no basis to compel the Company to arbitrate concerning the Employee's termination on April 3, 2007, nearly a full year after the 2003 AHA expired. Thus, the Court should grant a permanent stay of arbitration.

## CONCLUSION

For all of the foregoing reasons, and for the reasons set forth in the Petition filed by the Company, and the accompanying Affidavit of Samuel Grosso, the Company's Petition for a preliminary injunction and a permanent stay of arbitration should be granted in its entirety.

Dated: New York, New York
       May 8, 2007

NIXON PEABODY LLP

By: _____
    Randy S. Gidseg, Esq.

437 Madison Avenue
New York, New York 10022
(212) 940-3047 (Tel.)
(866) 479-5045 (Fax)

*Attorneys for Petitioner*
*Unithree Investment Corp.*