UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
UNITHREE INVESTMENT CORP.

       Plaintiff,

-against-                                           07 CIV 4788 (RJS)

SEIU, LOCAL 32BJ,

       Defendant.
------------------------------------------------------------------X

## MEMORANDUM OF LAW OF
## DEFENDANT SERVICE EMPLOYEES INTERNATIONAL, LOCAL 32BJ
## IN SUPPORT OF ITS MOTIONS
## FOR SUMMARY JUDGMENT AND TO VACATE DEFAULT

OFFICE OF GENERAL COUNSEL

Judith I. Padow (JIP 1151)
Assistant General Counsel
SEIU Local 32BJ
101 Avenue of the Americas, 19th Floor
New York, New York 10013
Tel. No.: (212) 388-2184
Fax No.: (212) 388-2062
Attorneys for Defendant SEIU, Local 32BJ

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................ 1

FACTS .................................................................................................................................... 2

    *The Collective Bargaining Agreement* ............................................................................ 2

    *The Discharge Grievance* ................................................................................................ 3

    *The State Court Proceeding* ............................................................................................ 3

    *Removal to Federal Court* ............................................................................................... 4

ARGUMENT .......................................................................................................................... 5

POINT I.    THE UNION IS ENTITLED TO SUMMARY JUDGMENT ................................ 5

POINT II.    THE DEFAULT SHOULD BE VACATED .......................................................... 7

    A. The default judgment is void because the state court lacked
        jurisdiction to issue and/or to enter a judgment ............................................................ 7

    B. The default should be vacated because, if there were neglect on the
        part of the Union, it was excusable ............................................................................. 10

CONCLUSION ..................................................................................................................... 13

TABLE OF AUTHORITIES

Cases

*Abram Landau Real Estate v. Bevona,*
123 F.3d 69 (2d Cir. 1997)..................................................................................5,6,7

*Aetna Life Insurance Company v. Licht,*
2004 U.S. Dist. LEXIS 21538 (S.D.N.Y. 2004).......................................................10,11

*American Alliance Insurance v. Eagle Insurance Co.,*
92 F.3d 57 (2d Cir. 1996).......................................................................................10,11

*Corchia v. Metropolitan Life Insurance Co.,*
1996 U.S. Dist. LEXIS 399 (S.D.N.Y. 1996)..........................................................10,11

*Corporation Fruitcola de Chinca v. Watermelon Depot,*
240 F.R.D. 125 (S.D.N.Y. 2007)............................................................................10

*CPR (USA) Inc. v. Spray,*
187 F.3d 245 (2d Cir. 1999)...................................................................................6

*D.H. Blair & Co. v. Gottdiener,*
462 F.3d 95 (2d Cir. 2006).....................................................................................11,12

*Davis v. Musler,*
713 F.2d 907 (2d Cir. 1983)...................................................................................10

*Mahmoud v. Mahmoud,*
1997 U.S. Dist. LEXIS 2158 (E.D.N.Y. 1997).......................................................8

*NYP Holdings, Inc. v. Newspaper and Mail Deliverers' Union of New York,*
2002 U.S. Dist. LEXIS 13151 (S.D.N.Y. 2002).....................................................7

*Ornstein v. Lyndon Baines Johnson Health Complex, Inc.,*
2006 U.S. Dist. LEXIS 22485 (E.D.N.Y. 2006).....................................................8,9

*Pioneer Investment Services Co. v. Brunswick Associates,*
507 U.S. 380 (1993)...............................................................................................10

*Raes Pharmacy v. Perales,*
586 N.Y.S. 2d 579 (1st Dept. 1992).......................................................................7

*Sun Forest Corp. v. Shvili,*
152 F.Supp. 2d 367 (S.D.N.Y. 2001).....................................................................7

*Tarbell v. Jacobs,*
856 F.Supp. 101 (N.D.N.Y. 1994)......................................................................................7,8,9

*Travel Wizard v. Clipper Cruise Lines,*
2007 U.S. Dist. LEXIS 163 (S.D.N.Y. 2007).........................................................................12

*Vermont Teddy Bear Company v. Beargram Company,*
373 F.3d 241 (2$^d$ Cir. 2004)..................................................................................................12

*Wilkins v. CTI Records,*
1998 U.S. Dist. LEXIS 6291 ..............................................................................................10,11

## Rules

Rule 60 of the Federal Rules of Civil Procedure ("F.R.C.P.") .................................................7,9,10

## Statutes

CPLR § 2220(a) ...............................................................................................................................8

Section 301(a) of the National Labor Relations Act, 29 U.S.C. § 185(a) .......................................4

## Treatises

Siegel, N.Y. Practice, 4th ed. § 250 ................................................................................................8

UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITHREE INVESTMENT CORP.

        Plaintiff,

-against-                               07 CIV 4788 (RJS)

SEIU, LOCAL 32BJ,

        Defendant.
-------------------------------------------------------------X

## MEMORANDUM OF LAW OF
## DEFENDANT SERVICE EMPLOYEES INTERNATIONAL, LOCAL 32BJ
## IN SUPPORT OF ITS MOTIONS
## FOR SUMMARY JUDGMENT AND TO VACATE DEFAULT

### Preliminary Statement

Defendant Service Employees International Union, Local 32BJ ("Union" or "Local 32BJ") submits this Memorandum of Law in support of its motions for Summary Judgment dismissing the plaintiff's claim and compelling arbitration, and to vacate a default issued by the New York State Supreme Court. On the same date that the State Court issued the default, and before the default was entered or served on the Union, the Union removed this action to this Court.

The Union, by its motions, seeks only to compel Unithree Investment Corp. ("Unithree" or "Employer") to arbitrate whether its discharge of a long-term employee on April 3, 2007 was for "justifiable clause." While Unithree is refusing to submit the matter to arbitration, claiming that the parties' collective bargaining agreement expired on April 26, 2006, Unithree neglects to mention that the collective bargaining agreement contains an "evergreen clause," pursuant to which the terms of that agreement, including its broad arbitration clause, continue in effect beyond the expiration date of April 26, 2006.

As fully explained below, the Union is entitled to Summary Judgment because the issue of whether the collective bargaining agreement expired on April 26, 2006, or was extended by virtue of the "evergreen clause," is an issue for an arbitrator and not a court to decide. This Court also should vacate the default judgment issued by the New York State Supreme Court, which stayed the underlying discharge arbitration, because that judgment is void, and, in any event, should be vacated because if the result of any neglect on the part of the Union that neglect was clearly excusable.

## Facts

### *The Collective Bargaining Agreement*

Unithree and Local 32BJ are parties to a collective bargaining agreement (the "Agreement"), Article VIII, section 1 of which states that the Agreement expires on April 20, 2006; however, Article VI, section 1(c) of the Agreement contains the following "evergreen clause":

> Upon the expiration of this Agreement as set forth in Article VIII, Section I, this Agreement shall thereafter continue in full force and effect for an extended period until a successor agreement shall have been executed. During the extended period, all terms and conditions thereof shall be in effect . . .

Local Rule 56.1 Statement of Undisputed Material Facts of Service Employees International Union, Local 32BJ ("Union Statement") ¶¶ 1, 2.

Since April 20, 2006, the parties have been negotiating a successor collective bargaining agreement. *Id.* ¶ 3.

The Agreement also contains a broad arbitration clause, pursuant to which the parties agreed to submit <u>any</u> dispute between them to arbitration. Thus, Article V of the Agreement

2

states: "*Any* dispute or grievance between the Employer and the Union which cannot be settled directly by them shall be submitted to [arbitration]." *Id.* ¶ 7 (emphasis added).

Under Article III, section 2 of the Agreement, Unithree may only discharge employees for "justifiable cause." *Id.* ¶ 8.

### *The Discharge Grievance*

On or about April 3, 2007, the Employer discharged Penoye Rainey, a 20-year employee, claiming that his work performance failed to meet their minimum standard of acceptability. *Id.* ¶ 9. Mr. Penoye grieved that the discharge violated the just cause provision of the Agreement, and the Union timely demanded arbitration of the discharge before the Office of the Contract Arbitrator, as provided for in the Agreement. *Id.* ¶ 10. On or about May 1, 2007, the Employer was notified that the arbitration was scheduled for May 23, 2007. *Id.* ¶ 11.

### *The State Court Proceeding*

Rather submit the dispute to arbitration, as it was required to do under the Agreement, on or about May 10, 2007, Unithree petitioned the New York State Supreme Court to preliminarily and permanently stay the arbitration. *Id.* ¶ 12. It initiated the action by Order to Show Cause, along with which it submitted the Affidavits of its Vice-President and counsel, a Petition for Stay of Arbitration ("Petition"), and a Memorandum of Law in Support of the Petition. Affidavit of Judith I. Padow ("Padow") ¶ 13, Exhibits B, C, and D. In its submissions, Unithree argued that the Agreement had expired on April 20, 2006, and made no mention in the Petition, Affidavits, or Memorandum that the Agreement contained an evergreen clause. *Id.* ¶ 14, Exhibits B, C, and D. Also on May 10, 2007, Unithree obtained a temporary restraining order from the *Ex Parte* Motion Term enjoining the arbitration scheduled for May 23, 2007. *Id.* ¶ 15, Exhibit B.

3

The Order to Show Cause set a return date and a date for serving responsive papers. The return date was June 5, 2007. *Id.* ¶ 16, Exhibit B.

***Removal to Federal Court***

Rather than litigate in state court, the Union determined to remove the case to federal court.[1] Before doing so, however, the Union sought to settle the underlying dispute, wishing to save the time and expense of removal if settlement were possible. The Union believed that settlement was possible because Unithree's position that there was no collective bargaining agreement was legally untenable. *Id.* ¶ 17.

Settlement discussions were conducted not by the Union's in-house legal staff, which was handling the litigation, but by outside counsel who was negotiating the successor collective bargaining agreement with Unithree. The Union's legal staff did not learn that the case would not settle until right before the return date. Accordingly, on the morning of June 5, 2007, the Union filed removal papers and immediately filed a Notice of Notice of Removal with the New York State Supreme Court. *Id.* ¶¶ 18-20.

The Union did not appear, submit responsive papers to Unithree's state court petition, or counterclaim to compel in state court, as it did not intend to litigate the matter in state court or submit to that court's jurisdiction. *Id.* ¶ 21.

On June 5, 2007, the same date that the Union filed the Notice of Notice of Removal in State Court, the state court judge issued a default decision, permanently staying the arbitration. The decision contains no recitation of facts or any opinion. It merely states that Unithree's motion is "granted on default." *Id.* ¶ 22, Exhibit E. The decision was not entered until several

---

1. Removal was pursuant to section 301(a) of the National Labor Relations Act, 29 U.S.C. § 185(a) which provides: "Suits for violation of contracts between an employer and an organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount of controversy or without regard to citizenship of the parties."

4

days later, on June 7, 2007, when it was filed with the New York County Clerk's office. *Id.* ¶ 23.

On June 7, 2007, the Union timely filed an answer with this Court to plaintiff's Petition, and counterclaimed to compel arbitration.

On June 8, 2007, plaintiff's counsel served a Notice of Entry of Judgment on the Union. The Notice of Entry incorrectly states that the default order was "entered on June 5, 2007." *Id.* ¶ 25, Exhibit F. Immediately thereafter, Union counsel contacted plaintiff's counsel, advising that the default order was not effective, and then wrote to the Court seeking permission to file the instant motions. *Id.* ¶ 26.

On or about July 2, 2007, plaintiff filed an answer to the Union's counterclaim to compel arbitration. *Id.* ¶ 27.

## Argument

### POINT I

#### THE UNION IS ENTITLED TO SUMMARY JUDGMENT

The Second Circuit has already decided in the Union's favor the precise issue being litigated in this case, mandating dismissal of the plaintiff's complaint. The applicable law is clear. Where, as here, a collective bargaining agreement contains a sweeping arbitration clause, in which the parties agree to submit <u>any</u> dispute to arbitration, the issue of whether the Agreement terminated or was extended by virtue of its evergreen clause is for an arbitrator and not a court to decide.

This was the very issue before the Second Circuit in *Abram Landau Real Estate v. Bevona*, 123 F.3d 69 (2$^d$ Cir. 1997). In *Landau*, an employer sued to vacate an arbitration award after an arbitrator ruled that an evergreen clause had extended the parties' collective bargaining

agreement beyond its stated expiration date. *Landau* involved a 32BJ collective bargaining agreement that contained an evergreen clause virtually identical to the one at issue here. The Second Circuit's analysis in *Landau* was thorough and exacting and remains good law. *See, e.g., CPR (USA) Inc. v. Spray*, 187 F.3d 245, 256 (2ᵈ Cir. 1999) (where contract contains broad arbitration clause, issue of whether "otherwise valid contract has expired" is question for the arbitrator).

As the Second Circuit in *Landau* explained, questions concerning the arbitrability of disputes arise in two contexts: whether an arbitration clause in a collective bargaining agreement "covers a particular dispute between the parties," which generally is a question for a court; or whether there is a valid agreement to arbitrate. The latter question, in turn, can be a question of whether the parties entered into an agreement to arbitrate in the first instance, which is a question for a court; or whether a valid agreement to arbitrate has expired or terminated. *Id.* 72-73. The Court continued:

> The question whether an otherwise valid collective bargaining agreement has expired or has been terminated is . . . a dispute over the interpretation of other clauses of the collective bargaining agreement, e.g., termination clauses, or . . . an "evergreen clause" . . . In determining whether an arbitrator or a court gets to interpret a termination clause or "evergreen clause," the dispositive question is whether the parties have agreed that an arbitrator should decide that question. ***Where a collective bargaining agreement contains a sweeping arbitration clause covering all disputes involving the meaning of terms and provisions of the agreement and where the arbitration clause does not expressly exclude disputes over the termination provision or the "evergreen clause," disputes over these matters should be submitted to arbitration.***

*Id.* at 73 (emphasis added).

It is undisputed that the Agreement limits Unithree's ability to discharge workers to situations where there is justifiable cause, and that the Agreement contains an evergreen clause whose unambiguous terms provide for an extension of <u>all</u> of the terms of the Agreement after the

6

expiration date of April 20, 2006. This includes the arbitration clause. Further, it is undisputed that the Agreement contains an arbitration clause requiring "[a]ny" dispute between the Union and Unithree to be submitted to arbitration. There cannot be a broader arbitration clause. *NYP Holdings, Inc. v. Newspaper and Mail Deliverers' Union of New York*, 2002 U.S. Dist. LEXIS 13151, *14-15 (S.D.N.Y. 2002); *Landau*, 123 F.3d at 71.

Under these clear contract provisions, it is beyond peradventure that this Court (and the state court) lacked jurisdiction to determine whether the Agreement terminated on April 20, 2006 or was extended beyond that date. Since whether, under the evergreen clause, the Agreement remained in effect after April 20, 2006 and, if so, for how long, must be decided, as the parties agreed, by an arbitrator, Unithree's petition to stay arbitration should be dismissed and the Union granted Summary Judgment and an order compelling arbitration.

## POINT II

### THE DEFAULT SHOULD BE VACATED

Summary judgment is not barred by the default improvidently issued by the State Court, which should be vacated under Rule 60 of the Federal Rules of Civil Procedure ("F.R.C.P.").

### A. The default judgment is void because the state court lacked jurisdiction to issue and/or to enter a judgment

Under F.R.C.P. Rule 60(b)(4) the Court can vacate a judgment on the grounds that "the judgment is void," including judgments issued by state courts. *Tarbell v. Jacobs*, 856 F.Supp. 101, 104 (N.D.N.Y. 1994).

It is well established that the federal court receives a case that has been removed from state court in the procedural posture that the case had in state court prior to removal. *Sun Forest Corp. v. Shvili*, 152 F.Supp. 2d 367, 387 (S.D.N.Y. 2001). Under New York State law, "an order must be entered and notice of entry served before [the] order may be enforced." *Raes Pharmacy*

7

*v. Perales*, 586 N.Y.S. 2d 579, 583 (1st Dept. 1992) (*citing* CPLR § 2220(a)); Siegel, N.Y. Practice, 4th ed. § 250 at p. 425 ("an order is not enforceable until it has been entered, and perhaps not even until it has been served on the loser with notice of entry"). As this case was removed to federal court on June 5, 2007, prior to the dates of entry and of service of the notice of entry of the order, when the case arrived in federal court it did so without an enforceable default order.

Indeed, the state court arguably was without jurisdiction to even issue the judgment on June 5, 2007, because the Notice of Notice of Removal was filed with the state court on June 5, 2007, and a state court is stripped of jurisdiction on the date upon which the Notice of Notice of Removal is filed with that court. *Tarbell*, 856 F.Supp. at 104; *Ornstein v. Lyndon Baines Johnson Health Complex, Inc.*, 2006 U.S. Dist. LEXIS 22485, *8 (E.D.N.Y. 2006).

However, even if the state court had jurisdiction to issue the default decision, the judgment still would be unenforceable, because it is undisputed that the judgment was not entered until June 7, 2007, two days after the Union filed its Notice of Notice of Removal with the state court. *Tarbell*, 856 F.Supp. at 103 is on point. In *Tarbell*, defendants removed the case to federal court one day after the state court issued a default based on their failure to appear. However, the default was not entered in state court until after defendants' Notice of Notice of Removal was filed in state court. Recognizing that the order "could have only become effective when entered by the clerk," *id.* 103-04, the federal court vacated the default pursuant to Rule 60(b)(4), because it was void. *See also Mahmoud v. Mahmoud*, 1997 U.S. Dist. LEXIS 2158 (E.D.N.Y. 1997) (vacating state court order as "null and void pursuant to Fed. R. Civ. Pro. 60(b)(4), because it was entered subsequent to the filing of notice of removal [with the state court]").

*Ornstein*, 2006 U.S. Dist. LEXIS 22485, a case cited by plaintiff in its previous submissions to this Court, is inapposite. That case involved fully litigated summary judgment motions that were submitted after six years of discovery, not a default. On the date that the judge issued a decision in favor of defendants, but before the judgment was entered, the United States substituted itself for one of the defendants and removed the case to federal court. The plaintiff then sought to relitigate in federal court the motions that had been adjudicated against plaintiff in state court, claiming that the state court judgments were of no effect because the case was removed and notice of removal filed in state prior to court entry of judgment. The Eastern District distinguished the circumstances before it from those in *Tarbell*. Noting, in particular, the "glaring difference in the waste of court resources between a default judgment granted before an answer has been filed and a summary judgment decision after six years of litigation and discovery," *id*. *11, the court declined to bar the collateral estoppel effect of the prior judgment:

> Defendants have already defended themselves successfully against this suit and the only bar to recognizing the substantive judgment of [the state court judge] is that the docketing of her order potentially was untimely.

*Id*. *12. As fully explained by the *Ornstein* court, its decision was based on "comity and judicial resource" considerations not present in *Tarbell* and that are not present here.

Moreover, to permit a default to stand in circumstances such as these would be particularly inequitable, because the underlying issue – whether an agreement to arbitrate continued to exist – was an issue that the state court never should have decided. As explained in Point I, *supra*, this was an issue that the parties agreed to submit to arbitration, and was not properly before the court.

9

### B.   The default should be vacated because, if there were neglect on the part of the Union, it was excusable

Even if this Court were to decide that an enforceable state court order existed prior to removal, vacation would be appropriate under F.R.C.P. Rule 60(b)(1), which empowers the court to vacate a judgment for "excusable neglect."

In *Pioneer Investment Services Co. v. Brunswick Associates,* 507 U.S. 380, 392-395 (1993), the Supreme Court held that the term "excusable neglect" is an "elastic concept," and that any determination of whether neglect is "excusable" is an equitable one that takes into account circumstances such as prejudice to the parties, the length of the delay, the impact on the proceedings, the reasons for the delay, and whether the movant acted in good faith. In determining whether to vacate a default judgment under Rule 60(b)(1), the Second Circuit considers three factors:

> "(1) whether the default was willful; (2) whether defendant has a meritorious defense; and (3) the level of prejudice that may occur to the non-defaulting party if relief is granted."

*American Alliance Insurance v. Eagle Insurance* Co., 92 F.3d 57, 59 (2$^d$ Cir. 1996) (*quoting Davis v. Musler*, 713 F.2d 907, 915 (2$^d$ Cir. 1983)); *Corporation Fruitcola de Chinca v. Watermelon Depot*, 240 F.R.D. 125 (S.D.N.Y. 2007); *Aetna Life Insurance Company v. Licht*, 2004 U.S. Dist. LEXIS 21538, *10-11 (S.D.N.Y. 2004); *Corchia v. Metropolitan Life Insurance Co.*, 1996 U.S. Dist. LEXIS 399, *3-4 (S.D.N.Y. 1996).

Here, all of these factors strongly militate in favor of vacation, particularly in light of the "[s]trong public policy [that] favors resolving disputes on the merits." *American Alliance*, 92 F.3d at 61; *see also Wilkins v. CTI Records*, 1998 U.S. Dist. LEXIS 6291, *4 ("because defaults are generally disfavored," doubts, if they exist, "should be resolved in favor of the defaulting party").

10

As established in Point I, *supra*, the Union has a meritorious defense that will completely defeat the plaintiff's petition. Nor will the plaintiff be able to establish any prejudice should the default be vacated, other than that it will likely lose the case on its merits rather than win it by default. Nor is there any evidence of "willfulness." *See American Alliance*, 92 F.3d at 61 (does not include careless or negligent errors in the default judgment context, and even "gross negligence" does not preclude vacation); *Wilkins,* 1998 U.S. Dist. LEXIS 6291, *5 (conduct must be egregious and not satisfactorily explained); *Aetna Life*, 2004 U.S. Dist. LEXIS 21538, *11-12.

Here, the only conceivable "neglect" by the Union was waiting until June 5, 2007 to remove the case to federal court. The Union did so only because it was hoping to settle the underlying arbitration case, which would have precluded the necessity of removal. Moreover, as soon as it learned of the default, Union counsel contacted plaintiff's counsel, then contacted the Court, and took steps to quickly remedy the problem. *See Corchia*, 1996 U.S. Dist. LEXIS 399, *4.

The circumstances here are similar to *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95 ($2^d$ Cir. 2006), which involved a default judgment entered by the federal court after a petition to confirm (in part) and vacate (in part) an arbitration award was removed to federal court. Ruling that such petitions should be treated, upon removal, as motions for summary judgment, the Second Circuit noted the inappropriateness of issuing a default judgment where there is a record before the court: "[T]he lack of a response does not justify a default judgment because, even where a non-moving party fails to respond to a motion for summary judgment, a court 'may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating no material issue of fact remains for trial.'" *Blair*, 462 F.3d at

11

109-110 (citations omitted); *Vermont Teddy Bear Company v. Beargram Company*, 373 F.3d 241, 244 (2$^د$ Cir. 2004) (unopposed summary judgment vacated; "cursory order impl[ied] that plaintiff's default was the sole basis for dismissal"). That the petition in *Blair* was removed after the date responsive papers were due in state court but before the return date and the default entered in federal as opposed to state court should be of no import. Here, as in *Blair*, the state default judgment, which contained no recitation of facts or legal opinion, was based on defendant's non-appearance. *See also Travel Wizard v. Clipper Cruise Lines*, 2007 U.S. Dist. LEXIS 163 (S.D.N.Y. 2007) (noting the dearth of case law on treatment of removed petitions and Second Circuit law favoring assessment of such petitions on the merits and not by default, the court excused defendant's failure to timely request an extension of time within which to respond to the petition and to cross-move for confirmation of an arbitration award).[2]

---

[2] If based at all on plaintiff's submissions, those submissions did not recite the relevant material facts.

12

## Conclusion

For the above-stated reasons, the Court should grant the Union's Summary Judgment motion, dismiss plaintiff's petition, issue an Order compelling plaintiff to submit its disputes with the Union to arbitration, and vacate the default issued by the New York State Supreme Court.

Dated: October 11, 2007
       New York, New York

Respectfully Submitted,

OFFICE OF GENERAL COUNSEL

_____
Judith I. Padow (JIP 1151)
Assistant General Counsel
SEIU Local 32BJ
101 Avenue of the Americas, 19th Floor
New York, New York 10013
Tel. No.: (212) 388-2184
Fax No.: (212) 388-2062
Attorneys for Defendant SEIU, Local 32BJ