UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
UNITHREE INVESTMENT CORP.

            Plaintiff,

   -against-                                           07 CIV 4788 (RJS)

SEIU, LOCAL 32BJ,

            Defendant.
------------------------------------------------------------------X

## LOCAL RULE 56.1 STATEMENT OF
## SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 32BJ

Defendant Service Employees International Union, Local 32BJ ("Local 32BJ") submits that there is no genuine issue with respect to the following material facts:

1.    The Union and Unithree Investment Corp. ("Unithree") are parties to a collective bargaining agreement ("Agreement"), Article VIII, section 1 of which provides that the Agreement expires on April 20, 2006. Affidavit of Judith I. Padow ("Padow") Exhibit A.

2.    Article VI, section 1(c) of the Agreement contains an "evergreen clause" which states: "Upon the expiration of this Agreement as set forth in Article VIII, Section I, this Agreement shall thereafter continue in full force and effect for an extended period until a successor agreement shall have been executed. During the extended period, all terms and conditions thereof shall be in effect." *Id.*

3.    Since April 20, 2006, the parties have been negotiating a successor collective bargaining agreement. *Id.* ¶ 5.

7.    The Agreement at Article V contains a broad arbitration clause that states: "Any dispute or grievance between the employer and the Union which cannot be settled directly by them shall be submitted to [arbitration]." *Id.* Exhibit A.

8. Article III, section 2 of the Agreement states that the employer may only discharge employees for "justifiable cause." *Id.*

9. On or about April 3, 2007, the Employer discharged Penoye Rainey, a 20-year employee, claiming that his work performance failed to meet their minimum standard of acceptability. *Id.* ¶ 9.

10. Mr. Penoye grieved that the discharge violated the just cause provision of the Agreement, and the Union timely demanded arbitration of the discharge before the Office of the Contract Arbitrator, as provided for in the Agreement. *Id.* ¶ 10.

11. On or about May 1, 2007, the Employer was notified that the arbitration was scheduled for May 23, 2007. *Id.* ¶ 11.

12. Rather submit the dispute to arbitration, on or about May 10, 2007, Unithree petitioned the New York State Supreme Court to preliminarily and permanently stay the arbitration. *Id.* ¶ 12, Exhibits B, C, and D.

13. The Union removed the case to federal court on June 5, 2007. *Id.* 20.

Dated: October 11, 2007
      New York, New York

Respectfully Submitted,

OFFICE OF GENERAL COUNSEL

_____
Judith I. Padow (JIP 1151)
Assistant General Counsel
SEIU Local 32BJ
101 Avenue of the Americas, 19th Floor
New York, New York 10013
Tel. No.: (212) 388-2184
Fax No.: (212) 388-2062
Attorneys for Defendant SEIU, Local 32BJ